*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RONALD S. KLIMKEWICZ,

        Plaintiff-Appellant,

v

SARAH L. KLIMKEWICZ,

        Defendant-Appellee.

UNPUBLISHED
September 19, 2024

No. 364783
Saginaw Circuit Court
Family Division
LC No. 18-037321-DM

Before: RICK, P.J., and MURRAY and MALDONADO, JJ.

MURRAY, J. (*concurring*).

I concur with the majority opinion that, because he was a presumed father under MCL 722.1433(e), as interpreted by *Glaubius v Glaubius*, 306 Mich App 157; 855 NW2d 221 (2014), for the court to determine that the child was born out of wedlock for the purpose of establishing paternity, plaintiff was required to bring an action "within 3 years after the child's birth or" raise "the issue in an action for divorce or separate maintenance between the presumed father and the mother." MCL 722.1441(2). Because this case was filed twelve years after the child was born and well after the divorce proceedings were concluded, it is too late.

My concurrence is based on the concern that *Glaubius* incorrectly concluded that a paternity provision within a consent judgment of divorce does not provide the father with the "affiliated father" status under MCL 722.1433(b). The *Glaubius* Court's conclusion that there is a requirement that the issue of paternity actually be litigated and resolved by the court for the matter to have been "determined *in* a court," *Glaubius*, 306 Mich App at 167 (emphasis added), is a strained reading. As noted by former Justice Markman:

> *Glaubius* likely erred by interpreting MCL 722.1433(1) to require a determination "*by* a court" when it actually requires only a determination "*in* a court." The use of the word *in* suggests that an "affiliated father" may exist even if the court has not separately decided paternity. The parties here, at least arguably, *did* have it determined "*in* a court" that defendant was the child's father when they agreed and finalized their consent judgment of divorce. Based on this understanding, when a

-1-

controversy over paternity has been finalized *in* a court, the father is an "affiliated father." [*Dennis v Tyler*, 501 Mich 969, 970 (2018) (MARKMAN, C.J., dissenting).]

Because we can decide this matter without resolving that issue, it is a moot (but important) issue that should be resolved at a later time.

/s/ Christopher M. Murray